IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERNESTO JAVIER MARTINEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-282 |
| WARDEN, FPC BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Ernesto Javier Martinez, an inmate formerly confined at FPC Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural & Factual Background

Petitioner filed the above-referenced petition for writ of habeas corpus on June 29, 2020 (doc. # 1). Petitioner asks the court to "correct" his sentence pursuant to Amendment 794 of the United States Sentencing Guidelines. For relief, Petitioner specifically requests the court to re-sentence him to the mandatory minimum of 120 months' term of imprisonment. *Id*.

In reviewing Petitioner's underlying criminal history, the undersigned confirmed Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied on April 18, 2019. *Martinez v. United States*, 5:13-CR-0827 (S.D. Tex. Apr. 18, 2019) (doc. # 67). In his motion to vacate, Petitioner also sought re-sentencing under Amendment 794. On May 10, 2022, however, the sentencing court granted Petitioner's Emergency Motion for a Reduction in Sentence pursuant to 18 U.S.C. § 2582(c)(1)(A)(i). Order (doc. # 77). Petitioner was re-sentenced to a term of credit for time-served in the BOP, followed by a term of 3 years of supervised release. *Id*. Petitioner was ordered to be released immediately. *Id*. An Amended Judgment followed on May 12, 2022 (doc. # 80). An independent review of the BOP website confirms Petitioner was released

on May 16, 2022.[1]

## Discussion

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. Feb. 22, 2007) (not designated for publication) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding case mooted by petitioner's release from prison)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (citing *Spencer v. Kemna*, 53 U.S. 1, 7 (1998)); *see also Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)). "'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus whether a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Since Petitioner has already been released and received the sole relief he requested, his petition is moot and this court is without jurisdiction to consider the issue raised by this petition. *Herndon*, 985 F.3d at 446 (citing *Bailey*, 821 F.2d at 278) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement").

## Recommendation

The above-referenced petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed as moot.

---

[1] https://www.bop.gov/inmateloc/

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 10th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge